Daniel G. Shay (State Bar No. 250548)
DanielShay@SanDiegoBankruptcyNow.com
**LAW OFFICES OF DANIEL G. SHAY**
409 Camino Del Rio South, Suite 101B
San Diego, CA  92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

Attorney for Plaintiff Stanley A. Jones

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY A. JONES,<br><br>  Plaintiff,<br><br>vs.<br><br>FIRST SOURCE ADVANTAGE, LLC,<br>a New York Limited Liability Company,<br><br>  Defendant. | CASE NO. **'13CV0414 IEG   RBB**<br><br>COMPLAINT FOR DAMAGES<br><br>1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT,<br>47 U.S.C. 227, ET SEQ.<br>2. VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT,<br>15 U.S.C. 1692 ET. SEQ;<br>3. VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT,<br>CAL. CIV. CODE 1788 ET. SEQ.<br>4. VIOLATIONS OF THE AUTOMATIC STAY, 11 U.S.C. 362 ET. SEQ.<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. Stanley A. Jones ("Plaintiff") brings this action for damages and any other available legal or equitable remedies, resulting from the illegal actions of Defendant First Source Advantage, LLC ("FSA") and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities, in negligently, and/or willfully violating numerous debt collection laws. Plaintiff alleges as follows upon personal knowledge as to

himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.*, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* and violations of the Automatic Stay, 11 U.S.C. 362 *et. seq.*

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b)(c) and § 1441(a) because Defendant is deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject them to personal jurisdiction. Venue is also proper in this District under 28 U.S.C. § 1391(b) because Defendant transacts business here and because Plaintiff has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to Plaintiff's causes of action against Defendant occurred within this judicial district.

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California, County of San Diego, in this judicial district. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10). Plaintiff is also a "consumer" as the term is defined by 15 U.S.C. § 1692a(3)

6. Plaintiff is informed and believes, and thereon alleges, that Defendant FSA is, and at all times mentioned herein was, a Limited Liability Company registered in New York with their principal place of business located in New York, making the Defendant a citizen of New York for diversity purposes. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district. The Defendant is, and at all times mentioned herein was, a "person," as defined by

2

**Complaint for Damages**

47 U.S.C. § 153 (32).  Defendant FSA operates as a collection agency and is a "debt collector" as the term is defined by 15 U.S.C. §1692a(6) and attempts to collect debts by making calls to cellular phones.

### FACTUAL ALLEGATIONS

7. Plaintiff incurred a financial obligation to Bank of America (BOA) beginning around 2005 for a personal credit card.

8. The debt arose from a credit card provided by BOA to Plaintiff which was primarily used for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The debt was purchased, assigned or transferred to FSA for collection, or FSA was employed by BOA to collect the debt.

10. FSA attempted to collect the debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

11. Plaintiff filed Chapter 7 Bankruptcy on September 5, 2012 in San Diego under case number 12-12341-MM7.  He received a discharge and the case was closed on December 7, 2012.

12. Plaintiff listed the debt on Schedule F of the bankruptcy petition.

13. Plaintiff also listed his claims against his creditors as assets on Schedule B, line 18 of his bankruptcy petition.

14. Defendant FSA then called Plaintiff on his cell phone numerous times while Plaintiff's Chapter 7 was being administered.  The phone number FSA used was 716-564-4932.

15. Plaintiff did not list a cellular phone number in or on any other documents at any time during the transaction that resulted in the debt being serviced by Defendant FSA, nor did he verbally provide FSA with a cellular phone number at any time during the transaction that resulted in the debt owed to FSA.  Plaintiff did not give Defendant prior express consent to call Plaintiff on his cellular telephone with the use of an autodialer and/or prerecorded message, pursuant to 47 U.S.C. § 227 (b)(1)(A).

16. On numerous occasions Plaintiff explicitly instructed Defendant FSA not to call him on his cell phone.

17. On information and belief Defendant obtained Plaintiff's cellular telephone number from a third party, or by "trapping" such number, i.e., making a record of him cell phone number using caller identification technology, but did not receive that number from Plaintiff.

18. Notwithstanding the fact Plaintiff did not provide Defendant with him cellular number at any time during the transaction that resulted in the debt owed, Defendant, or their agents, have called Plaintiff on his cellular telephone via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and by using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A). This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19. Such calls were by prerecorded voice message and were made several times per week, beginning no later than September, 2012.

20. The telephone number Defendants and/or their agents called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

21. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

22. These telephone calls by Defendants and/or their agents violated 47 U.S.C. § 227(b)(1). Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff provided express consent within the meaning of the statute.

///
///
///
///
///
///
///
///

4

**Complaint for Damages**

# THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
# (TCPA), 47 U.S.C. § 227

23. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

24. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

25. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

26. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

///

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

5
**Complaint for Damages**

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET *SEQ.*

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

29. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

30. Plaintiff is also entitled to an award of attorneys' fees and costs.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET *SEQ.*

31. Plaintiff incorporates by reference the above paragraphs 1 through 34, inclusive, of this Complaint as though fully stated herein.

32. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

33. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

34. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

35. Plaintiff is also entitled to an award of attorneys' fees and costs.

///
///
///

**Complaint for Damages**

**THIRD CAUSE OF ACTION**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, ET SEQ.**

36. Plaintiff incorporates by reference the above paragraphs of this complaint.

37. Defendant FSA engaged in behavior the natural consequences of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

38. Defendant FSA caused Plaintiff's cell phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of U.S.C. § 1692d(5).

39. Defendant FSA used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

40. Defendant FSA misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

41. Defendant FSA employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10)

42. Defendant FSA used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

43. Defendant FSA failed to send Plaintiff an initial letter within five (5) days of its initial contact with Plaintiff as required by law, in violation of 15 U.S.C. § 1692g(a).

44. The foregoing acts and omissions of FSA constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

45. Plaintiff is entitled to damages as a result of Defendant's violations.

46. Plaintiff is also entitled to an award of attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
**CAL. CIV. CODE § 1788, ET SEQ.**

47. Plaintiff incorporates by reference the above paragraphs of this complaint.

48. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. prohibits unfair and deceptive acts and practices in the collection of consumer debts.

49. Defendant FSA, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

50. Defendant FSA caused Plaintiff's cellular telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

51. Defendant FSA failed to comply with provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.17

52. Plaintiff is entitled to damages as a result of Defendant's violations.

53. Plaintiff is also entitled to an award of attorneys' fees and costs.

### FIFTH CAUSE OF ACTION
### VIOLATIONS OF THE AUTOMATIC STAY
### 11 U.S.C. 362 ET SEQ.

54. Plaintiff incorporates by reference the above paragraphs of this complaint.

55. 11 U.S.C. § 362(h) provides an enforcement mechanism to protect a debtor from creditors who "willfully" violate the automatic stay. In re Solis, 137 B.R. 121, 129 (Bankr. S.D. N.Y. 1992).

56. Under 11 U.S.C. § 362(h), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, punitive damages.

57. Defendant FSA knew, or should have known, about Plaintiff's Chapter 7 Bankruptcy filed on September 5, 2012 in San Diego under case number 12-12341-MM7. The debt was listed on Schedule F and BOA received notice from The Bankruptcy Court.

58. Defendant FSA called Plaintiff numerous times during the pendency of his bankruptcy case attempting to collect a debt that was listed on Schedule F of Plaintiff's bankruptcy petition.

59. The foregoing acts were willful and intentional.

60. Plaintiff is entitled to damages, including costs and attorneys' fees, and, punitive damages as a result of Defendant FSA's violations.

///

///

8

**Complaint for Damages**

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

**FIRST CAUSE OF ACTION**
**FOR NEGLIGENT VIOLATIONS OF**
**THE TCPA, 47 U.S.C. § 227 *ET SEQ.***

61. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 (five-hundred dollars) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

62. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

63. An award of attorneys' fees and costs to counsel for Plaintiff.

64. Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION**
**FOR KNOWING AND/OR WILLFUL VIOLATIONS**
**OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.***

65. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks treble damages, as provided by statute, up to $1,500.00 (one-thousand-five-hundred dollars) for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

66. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

67. An award of attorneys' fees and costs to counsel for Plaintiff.

68. Any other relief the Court may deem just and proper.

**THIRD CAUSE OF ACTION**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, ET SEQ.**

69. As a result of Defendant's violations of 15 U.S.C. § 1692, et seq., Plaintiff seeks actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

70. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

71. Cost of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3).

///

72. An award of attorneys' fees and costs to counsel for Plaintiff.

73. Any other relief the Court may deem just and proper.

### FOURTH CAUSE OF ACTION
### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE § 1788, ET SEQ.

74. As a result of Defendant's violations of Cal. Civ. Code § 1788, et seq., Plaintiff seeks actual damages pursuant to Cal. Civ. Code § 1788.30(a).

75. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b).

76. An award of attorneys' fees and costs to counsel for Plaintiff.

77. Any other relief the Court may deem just and proper.

### FIFTH CAUSE OF ACTION
### VIOLATIONS OF THE AUTOMATIC STAY
### 11 U.S.C. § 362 ET SEQ.

78. As a result of Defendant's willful violations of 11 U.S.C. § 362 et seq., Plaintiff seeks actual damages pursuant to 11 U.S.C. § 362(h).

79. An award of attorneys' fees and costs to counsel for Plaintiff.

80. A finding of willful violations and an award for punitive damages.

81. Any other relief the Court may deem just and proper.

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

Date: February 21, 2013         LAW OFFICES OF DANIEL G. SHAY

                                By:  /s/ Daniel G. Shay
                                Daniel G. Shay
                                DanShay@SDBKN.com
                                409 Camino Del Rio South, Suite 101B
                                San Diego, CA  92108
                                Telephone: (619) 222-7429
                                Facsimile:  (866) 431-3292

10

**Complaint for Damages**